# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CLEOPHUS LOBLEY, JR,**

      **Petitioner,**

      v.                                    **Case No. 09-C-877**

**ROBERT HUMPHREYS,**

      **Respondent.**

## ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

On September 11, 2009, Cleophus Lobley, Jr. ("Lobley"), a person incarcerated pursuant to a state court judgment, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Because his petition was incomplete and unclear, the court ordered Lobley to submit an amended petition using this district's standard form. (Docket No. 3.) Lobley did so, (Docket No. 5), and the court screened the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition, (Docket No. 6). The respondent answered the petition, (Docket Nos. 11, 12 (Exs. A – I)), and Lobley has replied, (Docket No. 13). The pleadings are closed and the matter is ready for resolution. All parties have previously consented to the full jurisdiction of a magistrate judge.

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under § 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply

incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." § 2254(e)(1). Rice v. Collins, 546 U.S. 333, 339 (2006) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005)).

Following a jury trial, on January 4, 2007, Lobley was convicted of three counts of forgery-uttering, as party to a crime for his conduct relating to passing counterfeit United States currency. (Docket No. 5 at 39.) He was sentenced to a total term of imprisonment of 12 years on April 6, 2007. (Docket No. 5 at 39.) Lobley appealed and on May 13, 2009, the court of appeals affirmed his conviction. (Docket No. 5 at 51-54.) On July 16, 2009, the Wisconsin Supreme Court denied review. (Docket No. 5 at 55.)

Lobley was convicted under Wis. Stat. § 943.38. This statute states: "Whoever utters as genuine or possesses with intent to utter as false or as genuine any forged writing or object mentioned in sub. (1), knowing it to have been thus falsely made or altered, is guilty of a Class H felony." Subsection (1) refers to

> (a) A writing or object whereby legal rights or obligations are created, terminated or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights; or (b) A public record or a certified or authenticated copy thereof; or (c) An official authentication or certification of a copy of a public record; or (d) An official return or certificate entitled to be received as evidence of its contents.

Lobley contends that because Wis. Stat. § 943.38(1) does not refer to United States currency, he could not be convicted under this statute.

The court of appeals rejected Lobley's contention, stating that the statutory "prohibition on forgery is not limited only to checks and negotiable instruments." (Docket No. 5 at 53.) Relying upon prior Wisconsin case law, the court noted that "[t]he forgery statute is 'aimed primarily at safeguarding confidence in the genuineness of documents relied upon in commercial and business activity." (Docket No. 5 at 53 (citing State v. Machon, 112 Wis. 2d 47, 50, 331 N.W.2d 665 (Ct.

3

App. 1983); Little v. State, 85 Wis. 2d 558, 562, 271, N.W.2d 105 (1978)).) The court concluded that it is "beyond dispute that currency is relied upon in commercial and business activity," and therefore must be safeguarded. (Docket No. 5 at 53.)

It is axiomatic that due process requires that before the state may imprison an individual for certain conduct, that conduct must be proscribed by law. See, e.g., Jackson v. Virginia, 443 U.S. 307, 314 (1979). Lobley contends that counterfeit United States currency is outside the scope of Wis. Stat. § 943.38 and thus he could not be convicted under this statute for uttering counterfeit United States currency.

Lobley is correct that United States currency is not explicitly identified in Wis. Stat. § 943.38(1). In fact, the statute does not explicitly identify any specific writing or object. Rather, the statute provides a definition that is broad and expansive and which can certainly be read to include United States currency, as was done by the Wisconsin Court of Appeals. The court does not find that the conclusion of the court of appeals interpreting the Wisconsin statute was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. United States currency is both "[a] writing or object whereby legal rights or obligations are created, terminated or transferred" and a "writing commonly relied upon in business or commercial transactions as evidence of debt or property rights." Wis. Stat. § 943.38(1). Accordingly, uttering counterfeit United States currency is proscribed by the statute and Lobley may be properly convicted under this statute for uttering as genuine counterfeit United States currency.

As for his second claim for relief, Lobley contends that the state lacked subject matter jurisdiction to prosecute him for passing counterfeit United States currency. Lobley contends that he could be prosecuted only in federal court for counterfeiting. The court of appeals also rejected this contention, citing United States v. Crawford, 657 F.2d 1041, 1046 n.6 (9th Cir. 1981), for the

4

proposition that state and federal courts have concurrent jurisdiction to prosecute crimes relating to the possession and uttering of counterfeit currency. (Docket No. 5 at 53.)

Like many crimes, the state and federal governments have concurrent jurisdiction over the crime of counterfeiting United States currency meaning that both may prosecute proscribed conduct. Crawford, 657 F.2d at 1046 n.6. Wisconsin and the United States are separate sovereigns, each with the ability to criminalize and prosecute conduct. In fact, as a consequence of this dual sovereignty and concurrent jurisdiction, not only could Lobley be constitutionally prosecuted in state court, but he also could have been prosecuted again for the exact same conduct in federal court without raising a double jeopardy problem. See, e.g., Koon v. United States, 518 U.S. 81, 112 (1996) (citing Heath v. Alabama, 474 U.S. 82 (1985)).

The court finds no error in the court of appeals' conclusion that prosecutions for counterfeiting United States currency are not reserved solely for federal courts. Thus, the court does not find that the court of appeals' conclusion that Wisconsin courts have concurrent jurisdiction to prosecute the crime of counterfeiting of United States currency was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

Finally, Lobley contends that he was denied Due Process and Equal Protection because, unlike his other co-actors who were prosecuted in federal court, he was charged in state court, thereby subjecting Lobley to selective prosecution. The respondent contends that Lobley failed to exhaust his state court remedies with respect to these claims. (Docket No. 11 at 3.)

Previously, when confronted with an unexhausted claim within a petition that contains other exhausted claims, thereby making the petition a "mixed petition," a court would often permit the petitioner to return to state court to exhaust his state court remedies. However, in light of AEDPA's one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), Lobley may well be precluded

5

from again pursuing his present petition after exhausting state remedies unless this court granted a stay in these proceedings and held Lobley's present petition in abeyance as he exhausted state court remedies. See Rhines v. Weber, 544 U.S. 269, 275 (2005). A district court should grant a stay only when a "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

Lobley does not dispute that he failed to exhaust his state court remedies as to these claims. Rather, he states that the disparate sentence that a co-actor received in federal court is a new factor that he was not aware of at the time of his direct appeal. (Docket No. 13 at 5.) The court interprets these statements to be Lobley's efforts to establish cause for his failure to exhaust.

Lobley points to the federal prosecution of Don-Ray Olds ("Olds"), (E.D. Wis. Case No. 07-CR-143, Def. No. 12). Olds was sentenced on March 12, 2008. (Docket No. 206.) This was more than a year before the court of appeals affirmed Lobley's conviction. Therefore, before he filed the present federal petition, he could have petitioned the state court in the form of a collateral challenge to his conviction, thus exhausting what Lobley contends was a newly discovered claim. Lobley failed to do so. His petition is a mixed petition and he has failed to demonstrate good cause for his failure to exhaust his state court remedies as to this claim.

Generally, when a petition contains both exhausted and unexhausted claim, a federal court shall dismiss the petition in its entirety. See Rhines, 544 U.S. at 273 (citing Rose v. Lundy, 455 U.S. 509 (1982)). However, so as to avoid this consequence and to permit petitioners to present at least some of their claims in federal courts, this court routinely grants petitioners' requests that the court consider only exhausted claims. This is what the court understands Lobley to be asking the court to do when he states that if the court finds that he has not exhausted his state remedies with respect to this claim, he be permitted to amend his petition. (Docket No. 13 at 5.)

6

Formally amending the petition to exclude the unexhausted claims, as Lobley suggests, would result in an unnecessary delay in the resolution of this case. Thus, the court has proceeded as if the petition had excluded Lobley's unexhausted claims. The court has simply resolved Lobley's first two claims upon their merits, as discussed above, and declines to consider the merits of Lobley's remaining claim on the basis that Lobley has failed to exhaust his state court remedies with respect to this claim.

**IT IS THEREFORE ORDERED** that Lobley's petition for a writ of habeas corpus is **denied** and is hereby **dismissed**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Lobley's motion for judgment on the pleadings, (Docket No. 13), is **denied**.

Dated at Milwaukee, Wisconsin this 7th day of December 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge